
# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

WESTFIELD INSURANCE
COMPANY
1 Park Circle
Westfield Center, OH 44251

                    Plaintiff,

v.

MICHAEL BOYER
14 Southview Circle
Elizabethtown, PA 17022

and

A. DUIE PYLE, INC.
650 Westtown Road
West Chester, PA 19380

                    Defendants.

Civil Action

No.:

## COMPLAINT

Plaintiff, Westfield Insurance Company, as subrogee of PCC Refrigerated Express, Inc. by and through its undersigned counsel, hereby brings this civil action against Defendants, Michael Boyer and A. Duie Pyle, Inc. (hereinafter "Defendants") and avers as follows:

## PARTIES

1. Plaintiff, Westfield Insurance Company (hereinafter "Westfield"), is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 1 Park Circle, in Westfield Center, Ohio.

2. At all times relevant hereto, Westfield was duly authorized to transact business and issue policies of insurance within the Commonwealth of Pennsylvania.

3. Upon information and belief, Defendant, Michael Boyer is a citizen and resident of the Commonwealth of Pennsylvania with a residence address located at 14 Southview Circle, in Elizabethtown, Pennsylvania.

4. Upon information and belief, Defendant, A. Duie Pyle, Inc. (hereinafter "A. Duie Pyle"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 650 Westtown Road, in West Chester, Pennsylvania.

## JURISDICTION

5. Plaintiff, Westfield, is a citizen of a different state than the Defendants.

6. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

7. Accordingly, the United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## VENUE

8. Pursuant to 28 U.S.C.A. §1391, venue is proper in the United States District Court for the Eastern District of Pennsylvania because it is the judicial district wherein the Defendant, A. Duie Pyle, is incorporated and has its principal place of business. In addition, Defendant Boyer is a resident of the Commonwealth of Pennsylvania

## BACKGROUND

9. At all times relevant hereto, Plaintiff's insured, PCC Refrigerated Express, Inc. (hereinafter "PCC"), operated a transportation and shipping company located at 2365 Performance Parkway, in Columbus, Ohio.

10. Prior to July 25, 2017, Plaintiff, Westfield, issued a policy of insurance to PCC under Policy Number CSP 3088081 which provided coverage for commercial vehicles and trailers used by, and in the possession of, PCC as well as cargo transported by PCC (hereinafter, the "Policy").

11. At all times relevant hereto, Plaintiff's insured, PCC, owned and operated a 2018 Volvo tractor bearing vehicle identification number 4V4NC9EH1JN998006 and Ohio plate number PVV1363.

12. At all times relevant hereto, Plaintiff's insured, PCC owned and operated a 2013 Hyundai 53 refrigerated utility box trailer bearing vehicle identification number 3H3V532C5DT345360 and Oklahoma registration 9475JR.

13. At all times relevant hereto, Defendant, Michael Boyer, was a duly authorized agent, servant and/or employee of Defendant, A. Duie Pyle, acting within the course and scope of his agency and/or employment.

14. On July 25, 2017, Defendant, Michel Boyer, was operating a 2014 Volvo tractor, owned by Defendant A. Duie Pyle, bearing vehicle information number 4V4MC9EH7EN165683 with Pennsylvania license plate number AG13280.

15. Defendant, A. Duie Pyle owned a 2011 Vanguard box trailer bearing vehicle identification number 5V8VC5329BM102395 which was being transported by Defendant, Michael Boyer, on July 25, 2017.

16. On July 25, 2017, Plaintiff's insured, PCC, was transporting a cargo of paper plates in the aforementioned tractor and trailer along I-84 Westbound in Danbury, Connecticut approximately four-tenths of a mile west of Exit 3.

17. At the same time that PCC's tractor and trailer were traveling in the left lane of westbound I-84, Defendant, A. Duie Pyle's tractor and trailer, driven by Defendant, Michael Boyer, were travelling in the center lane of westbound I-84.

18. The tractor and trailer operated by Defendant, Michael Boyer and owned by Defendant, A. Duie Pyle suddenly swerved into the left lane and cut off Plaintiff's insured's vehicle.

19. As a result, the PCC tractor and trailer lost control, struck the median barrier and overturned causing extensive damage to PCC's tractor, trailer and cargo.

20. The A. Duie Pyle tractor and trailer driven by Defendant, Michael Boyer continued westbound on I-84 and did not stop at the scene of the accident.

21. The incident referenced above was due to the sole negligence of Defendant, Michael Boyer, without any comparative negligence of the Plaintiff's insured, PCC.

22. The negligence, carelessness, negligent acts and omissions described in the preceding paragraphs were committed by the duly authorized agent, servant and/or employee of Defendant, A. Duie Pyle, acting within the course and scope of his agency and/or employment.

23. As a result of the July 25, 2017 incident, and pursuant to the terms and conditions of the Policy, Westfield made payments to, or on behalf of, PCC in excess of $75,000.00 to compensate it for the losses it sustained.

24. By virtue of the payments made to its insured, and pursuant to the terms and conditions of the Policy, Westfield is legally, equitably and contractually subrogated to the rights of its insured to the extent of such payments.

## COUNT I-NEGLIGENCE
### Plaintiff v. Michael Boyer

25. Plaintiff hereby incorporates the averments contained in the preceding paragraphs of the Complaint as if fully set forth herein at length.

26. Defendant, Michael Boyer, owed Plaintiff's insured and the public a duty to act reasonably and use care while driving.

27. Defendant, Boyer had a duty to drive with reasonable care and do the following:

   a. Pay attention to traffic;

   b. Maintain a proper lookout;

   c. Obey traffic control devices;

   d. Obey the laws and rules of the State of Connecticut;

   e. Maintain proper speed for the conditions;

   f. Reduce the speed of his truck to avoid an accident;

   g. Maintain a proper distance between vehicles;

   h. Maintain his vehicle within his lane; and

   i. Pay full time and attention to the operation of his vehicle to avoid a collision.

28. Defendant, Michael Boyer breached the duty of care as follows:

   a. Failing to keep his vehicle under control;

   b. Failing to pay proper attention to the roadway and the traffic;

   c. Failing to maintain a proper lookout;

   d. Failing to obey traffic control devices;

   e. Failing to obey the laws and rules of the State of Connecticut;

   f. Failing to maintain proper speed for the conditions;

   g. Failing to reduce speed to avoid an accident;

      h.  Failing to maintain a proper distance between vehicles;

      i.  Failing to control the vehicle in order to avoid a collision; and

      j.  Failing to maintain his vehicle in his travel lane in order to avoid an accident.

29.    As a direct and proximate cause of the negligence of Defendant, Michael Boyer, Plaintiff's insured, PCC, sustained damages to its tractor, trailer and cargo.

30.    All of the above referenced damages were directly and proximately caused by the aforementioned negligence of Defendant, Michael Boyer and were incurred without any comparative negligence on the part of Plaintiff's insured.

31.    As a result of the July 25, 2017 accident described above, and in accordance with the terms and conditions of the Policy, Westfield made payments to, or on behalf of, PCC in an amount in excess of $75,000.00 to compensate it for the losses it sustained.

32.    By virtue of the payments made to its insured, and pursuant to the terms and conditions of the Policy, Westfield is legally, equitably and contractually subrogated to the rights of its insured to the extent of such payments.

**WHEREFORE**, Plaintiff, Westfield Insurance Company, demands judgment in its favor and against Defendant, Michael Boyer, individually, jointly, severally, or in the alternative, on Count I of the Complaint for compensatory damages in an amount in excess of $75,000.00, together with interest, costs of suit and such other relief as the Court deems just and proper under the circumstances.

### COUNT II-NEGLIGENCE/VICARIOUS LIABILITY
### Plaintiff v. A. Duie Pyle, Inc.

33.    Plaintiff hereby incorporates the averments contained in the preceding paragraphs of the Complaint as if fully set forth herein at length.

34. Defendant, Michael Boyer owed a duty to Plaintiff's insured to exercise reasonable care in his operation of the tractor and trailer owned by A. Duie Pyle.

35. The July 25, 2017 accident was caused by the negligence, carelessness, and negligent acts and omissions of Defendant, Michael Boyer.

36. Defendant, A. Duie Pyle exercised control and direction over Defendant, Michael Boyer and the work performed by him for A. Duie Pyle, such that A. Duie Pyle is vicariously liable for his negligence.

37. As a direct and proximate result of Defendant, Michael Boyer's negligence, carelessness, and negligent acts and omissions, Plaintiff's insured, PCC, suffered damage to its property on or about July 25, 2017.

38. As a result of the July 25, 2017 accident described above, and in accordance with the terms and conditions of the Policy, Westfield made payments to, or on behalf of, PCC in an amount in excess of $75,000.00 to compensate Plaintiff's insured for the losses it sustained.

39. By virtue of the payments made to its insured, and pursuant to the terms and conditions of the Policy, Westfield is legally, equitably and contractually subrogated to the rights of its insured to the extent of such payments.

**WHEREFORE**, Plaintiff, Westfield Insurance Company, demands judgment in its favor and against Defendant, A. Duie Pyle, Inc. individually, jointly, severally, or in the alternative on Count II of the Complaint for compensatory damages in an amount in excess of $75,000.00, together with interest, costs of suit and such other relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff, Westfield Insurance Company hereby demands a trial by jury as to all claims.

Dated: June 14, 2019

LAW OFFICES OF ROBERT A. STUTMAN

_____
Thomas J. Underwood, Jr., Esquire (81244)
Edmund Perry, Esquire (200117)
20 East Taunton Road, Suite 403
Berlin, NJ 08009
Phone: (856) 767-6800 ext. 11
Fax:    (856) 767-6810
Email: underwoodt@stutmanlaw.com
Email: perrye@stutmanlaw.com
*Attorneys for Plaintiff, Westfield Insurance Company*